**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHUANG MING CHEN, | No. 11-71322 |
| Petitioner, | Agency No. A089-770-114 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2013[**]

Before:    CANBY, IKUTA, and WATFORD, Circuit Judges.

Chuang Ming Chen, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum and withholding

of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on both the significant inconsistency regarding the basis for Chen's asylum claim and the inconsistency regarding the date of his wife's forced sterilization by family planning authorities in China. *See Shrestha*, 590 F.3d at 1046-47. The agency was not compelled to accept Chen's explanations for the inconsistencies. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). We reject Chen's contention the BIA ignored his explanation for the inconsistent dates he provided for his wife's forced sterilization. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the BIA "does not have to write an exegesis on every contention"). In the absence of credible testimony, Chen's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**